**OKLAHOMA ENVIRONMENTAL SERVICES, INC., Appellant–Applicant,**

v.

**OKLAHOMA CORPORATION COMMISSION and the Town of Foss, Oklahoma, Appellees.**

**No. 76593.**

Court of Appeals of Oklahoma, Division No. 2.

July 6, 1993.

Rehearing Denied Oct. 18, 1993.

Certiorari Denied Jan. 12, 1994.

———

Russell James Walker, Walker, Walker & Driskill, Oklahoma City, for appellant-applicant.

Kent Douglas Talbot, Oklahoma Corp. Com'n, and H.B. Watson, Jr. and Patricia H. Balkenbush, Watson & McKenzie, Oklahoma City, for appellees.

BRIGHTMIRE, Judge.

The solitary issue presented for review is whether the Oklahoma Corporation Commission's order denying two applications relating to the construction and operation of a "commercial disposal pit" is supported by substantial evidence.

The Commission's administrative law judge held a hearing and filed a report recommending that both applications be denied. The appellate administrative law judge recommended that the ALJ's recommendation be overruled and that the applications be granted. The Commission heard argument and issued an order adopting the recommen-

---

dation of the ALJ and denied both applications.[1]

The applicants appeal. We affirm.

## I

The facts are that appellant-applicant Oklahoma Environmental Services, Inc., filed two applications with the OCC on September 25, 1989. The first one—Cause PD No. 21235, requested permission to construct and operate an earthen two-cell "commercial disposal pit" for storage and recycling of drilling fluids or mud, on a fifteen-acre tract of land it owns lying within the incorporated limits of the Town of Foss. OES's second application—Cause PD No. 21236—asked for an exemption from the OCC rule restricting chloride content levels of stored fluids.

Foss' great concern was the proposed pit's potential for contaminating the drinking water of its inhabitants supplied by two water wells located about 1,280 and 1,400 feet from the proposed waste pit.

Following a hearing before the Commission en banc on September 18, 1990, that body, by a two to one vote, issued Order No. 350845 in which it adopted the summary of evidence (initial report) of the ALJ and denied both of OES's applications. The denials were based on the following findings and conclusions:

"6. The large quantity of deleterious substances proposed to be stored in the pit at such close proximity to the Town of Foss, will endanger the health, safety and welfare of the residents living in the vicinity of the proposed operation.

"7. The evidence did not establish that the site for the commercial pit is free from flooding as required by Rule 3–110.-2(c)(2)(b). Nor did the evidence establish that runoff water would be prevented from entering the pits as prohibited by Rule 3–110.2(f)(1)(a).

"8. The proximity of the site to Turkey Creek, the slope of the pit location, the permeability of the soils and the high chloride content of the material to be stored creates a probable danger of pollution to Turkey Creek and the Town of Foss water supply.

"9. The area in which the pit is located is a hydrologically sensitive area and the probability of contamination of the ground water is too great to allow the construction of the pit at the designated location."

OES appeals the order insisting that it is not supported by substantial evidence.

## II

The foundation of OES's contention—that the Commission's order lacks sufficient evidentiary support—is the result reached by the high court in *Appeal of Cummings and McIntyre,* 319 P.2d 602 (Okl.1957), which dealt with the propriety of applying a Commission rule, adopted in response to the enactment of 52 O.S. §§ 139 through 145 in 1955,[2] governing the disposal of salt water.

The argument is that the evidence here, like that in *Appeal of Cummings,* fails to show that the proposed disposal operation is "reasonably likely to cause any pollution of surface or sub-surface waters...." and that evidence which is "remote, nominal, and speculative ... does not constitute substantial evidence of any probability of pollution of the fresh water strata."[3]

Foss and the Commission, however, point out that not only did Foss present substantial testimony which contradicted that of OES and supported the findings of the Commission, but they say that *Appeal of Cummings* is inapplicable because (1) it dealt with a different issue based on different situational

---

1. The proposed pit is to be located within the limits of the Town of Foss, Oklahoma, which appeared and vigorously protested granting the applications.

2. Subject statutes were "emergency" legislative enactments effective May 19, 1955, making it the duty of the OCC to regulate "the handling, storage and disposition of saltwater, mineral brines, waste oil and other deleterious substances" related to oil and gas operations in this state. 52 O.S.1991 § 139.

3. *Appeal of Cummings,* 319 P.2d at 606.

facts, namely, an oil and gas well disposal operation that had been carried on for several years without incident before subject Commission rule was adopted and retroactively applied and (2) the operative facts were governed by a Commission rule quite different from the one controlling the proceedings here. The rule applicable here is OCC General Rule 3–110.2 relating to the construction, operation, and closing of *commercial waste disposal pits* which was promulgated by the Commission to implement the authority ordained in 52 O.S.1991 § 140.[4]

Section 140(A) commands the Commission to prevent pollution by prohibiting the storage of deleterious substances in earthen pits in situations which have pollution potential. Thus it authorizes one such as OES to apply to the Commission for a variance or the granting of an exemption for good cause shown after proper notice and hearing.

Under these circumstances the dispositive issue is not whether, as in *Appeal of Cummings*, there was a lack of substantial evidence that the pit was likely to cause pollution, but whether, in the presence of such evidence, OES bore its burden of both proof and persuasion by showing good cause for a variance to such an extent that the Commission was compelled to grant OES a waiver or variance from the amended Rule 3–110.2 commercial waste pit prohibition against storage of pollution-potential substances.

We hold it did not. The evidence, both direct and circumstantial, was substantial and of such a nature that the Commission was fully justified in refusing to waive the Rule 3–110.2 prohibition.

Order sustained.

REIF, V.C.J., and RAPP, P.J., concur.

---

4.  Title 52 O.S.1991 § 140(A), reads:

    A. *The Commission shall not, by a general rule, regulation, or order, prohibit the storage in earthen ponds of the deleterious substances described in Section 139 of this title, but shall by general rule, regulation, or order prescribe standards, conditions, or limitations for the use of such ponds, and shall* by rule, regulation, or order *prohibit the storage of such substances in earthen ponds in areas, fields, or instances found to be required to prevent pollution.* (Emphasis added.)

    The 1989 amendment added several provisions to § 140 but made no change in the first paragraph except to the label.